\*\*Original filed 10/6/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JACKSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE PAROLE,<br><br>　　　　Defendant. | No. C 06-2223 JF (PR)<br><br>ORDER OF DISMISSAL; DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AS MOOT; NO FILING FEE IS DUE<br><br>(Docket Nos. 2, 5) |

　　　　Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging a claim of false imprisonment. Plaintiff claims that in 1982 he was arrested and spent twenty-six to twenty-seven days in jail. Plaintiff states that he was incarcerated for failing to register under California Penal Code § 290 and given three years probation. Plaintiff claims that he spent 267 days on probation and then was sentenced to sixteen months in prison for a probation violation. He served time in prison for seventy-four days and was released with three years of parole. Plaintiff maintains that he was not convicted of any crime and should not be on parole. Plaintiff seeks monetary damages and requests that the Court dismiss his parole term. See Complaint at 3. The Court will DISMISS the instant complaint without prejudice because Plaintiff's claim is barred under Heck v.

Humphrey, 512 U.S. 477 (1994). Plaintiff's motions to proceed in forma pauperis (docket nos. 2, 5) are DENIED as moot.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> at 1915A(b)(1),(2). <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Claim</u>

Plaintiff alleges that he was falsely imprisoned and is now on parole. Plaintiff maintains that he was not convicted of any crime and should not be on parole. Plaintiff seeks monetary damages and requests that the Court dismiss his parole term. <u>See</u> Complaint at 3. However, the Court concludes that this claim is barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or

1  sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

2  When a state prisoner seeks damages in a § 1983 suit, the district court must
3  therefore consider whether a judgment in favor of the plaintiff would necessarily imply
4  the invalidity of his conviction or sentence; if it would, the complaint must be dismissed
5  unless the plaintiff can demonstrate that the conviction or sentence has already been
6  invalidated. Id. at 487. Heck makes it clear that a § 1983 "cause of action for damages
7  attributable to an unconstitutional conviction or sentence does not accrue until the
8  conviction or sentence has been invalidated." Id. at 489-90 (footnote omitted). Any such
9  claim is not cognizable and therefore should be dismissed. Edwards v. Balisok, 520 U.S.
10 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claim
11 barred by Heck may be dismissed sua sponte without prejudice under 28 U.S.C. §1915).

12 Heck generally bars claims challenging the validity of an arrest, prosecution or
13 conviction. See Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (Heck barred
14 plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police
15 officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d
16 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims
17 until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)
18 (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and
19 brought unfounded criminal charges against him).

20 "Heck applies to proceedings [that] call into question the fact or duration of
21 parole." Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851
22 (1995). A challenge to the denial of parole, whether based upon procedural defects in the
23 parole hearing or upon allegations that parole was improperly denied on the merits,
24 directly implicates the validity of the prisoner's continued confinement. See Butterfield
25 v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997). Therefore, Heck does not permit a
26 challenge to the procedures used in a denial of parole unless the parole board's decision
27 has been reversed, expunged, set aside or called into question. See id.; Schafer v. Moore,
28 46 F.3d 43, 44-45 (8th Cir. 1995). Nor may a plaintiff question the validity of the

1  confinement resulting from a parole-revocation hearing if he does not allege that the
2  parole board's decision has been reversed, expunged, set aside or called into question.
3  See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); see also
4  McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (Heck bars
5  § 1983 action challenging revocation of supervised release).

6       Here, Plaintiff alleges that he is being falsely imprisoned and that he is on parole
7  for a crime he did not commit, which necessarily implies the invalidity of the parole case
8  against him.  Plaintiff seeks monetary damages and requests that his parole term be
9  dismissed.  The Court concludes that Plaintiff's claim is barred under Heck and therefore
10 he fails to state a cognizable claim for relief under 42 U.S.C. § 1983.  Plaintiff's
11 complaint is DISMISSED without prejudice to Plaintiff's filing a new complaint if this
12 parole term is later invalidated.

13 **CONCLUSION**

14      Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim
15 for relief under 42 U.S.C. § 1983.  Plaintiff's pending motions for leave to proceed in
16 forma pauperis (docket nos. 2, 5) are DENIED as moot based upon the dismissal.  No
17 filing fee is due.  The Clerk shall terminate all pending motions and close the file.
18      IT IS SO ORDERED.
19 DATED: 10/4/06

JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Charles Jackson
   T-83121
4  San Francisco County Jail  -San Bruno
   P.O. Box 907
5  C-J-7 Dorm D; Bed 44
   San Bruno, CA  94066
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal; Denying Motion to Proceed in Forma Pauperis as Moot; No Filing Fee is Due
P:\pro-se\sj.jf\cr.06\Jackson223dis              5